1  **WELTIN, STREB, & WELTIN, LLP**
   Philip R. Weltin, Esq. (SBN 46141)
2  Michael Villeggiante, Esq. (SBN 284860)
   1432 Martin Luther King Jr. Way
3  Oakland, California 94612
   Tel. (510) 251-6060
4  Fax (510) 251-6040
   pweltin@weltinlaw.com
5  mvilleggiante@weltinlaw.com

6  Attorneys for Plaintiff
   GREGORY CARASSCO
7
   **COX, WOOTTON, LERNER,**
8  **GRIFFIN & HANSEN, LLP**
   Terence S. Cox (SBN 076142)
9  Max L. Kelley (SBN 205943)
   900 Front Street, Suite 350
10 San Francisco, CA  94111
   Tel. 415-438-4600
11 Fax 415-438-4601
   tcox@cwlfirm.com
12 mkelley@cwlfirm.com

13 Attorneys for Defendant
   MOLAM Legacy, Inc. (erroneously sued as
14 MOL (AMERICA), INC.

15

16           **IN THE UNITED STATES DISTRICT COURT**

17           **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

18

19 | GREGORY CARRASCO, | ) Case No.: 3:19-cv-05562
20 |        Plaintiff, | ) **JOINT CASE MANAGEMENT**
21 |    v.             | ) **STATEMENT & [PROPOSED]**
                       | ) **ORDER**
22 | MOL (AMERICA), INC.; OCEAN |
   | NETWORK EXPRESS (NORTH |
23 | AMERICA) INC.; DOES 1-40, | ) Date:  February 6, 2020
                       | ) Time:  1:30 p.m.
24 |        Defendants. | ) Courtroom F, 15th Floor
                       | ) Hon. Jacqueline Scott Corley
25

26 / / /

27 / / /

28 / / /

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the *Standing Order for All Judges of the Northern District of California* and Civil Local Rule 16-9.

1. Jurisdiction & Service

The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (diversity), 28 U.S.C. §§ 1331 (federal question), 1333 (admiralty/maritime), and 46 U.S.C. § 30101 (admiralty/maritime), as this lawsuit arises from an personal injury claim allegedly occurring on land and caused by a vessel in navigable waters, involves diverse defendants, and involves a matter in controversy in excess of $75,000.

Defendant MOLAM Legacy, Inc. ("Molam") (erroneously served as "MOL (America), Inc.") has been served and has answered. Defendant Ocean Network Express (North America) Inc. has been voluntarily dismissed without prejudice under F.R.C.P. 41(a)(1)(A).

2. Facts

This case arises from a September 20, 2016 accident. Plaintiff asserts that on that day, he was assigned to work as a "linesman" in the course of his regular duties as a longshoreman. Linesmen are tasked with tying ships up to a dock upon their arrival, and untying ships from a dock prior to their departure. While Plaintiff tying up the MOL Prosperity to a dock at the Port of Oakland, the ship pulled back on the line being used by Plaintiff, injuring him. Plaintiff's injuries include injuries to his back, right shoulder, and groin. His damages include past and future medical expenses, past and future wage losses, lost earning capacity, and general damages.

Defendant Molam contends it was not the owner or otherwise legally in control or possession of the MOL Prosperity at the time of Plaintiff's injury. Molam also disputes the Plaintiff's factual assertions regarding the events and circumstances surrounding and encompassing the alleged incident.

/ / /

/ / /

COX, WOOTTON, LERNER, GRIFFIN, & HANSEN, LLP
900 FRONT STREET
SUITE 350
SAN FRANCISCO, CA 94105
TEL: 415-438-4600
FAX: 415-438-4601

JPIA.Carrasco /4914

### 3. Legal Issues

Plaintiff expects no disputed legal issues, except perhaps as to Defendant's duty to Plaintiff, as the complaint is brought on a negligence theory.

Defendant anticipates legal issues regarding (1) its status as a proper vessel owner defendant, and (2) the legal duties owed to the Plaintiff.

### 4. Motions

There are no pending motions. Plaintiff does not anticipate any motions at this time. Defendant expects to file a motion for summary judgment based on its non-ownership of the vessel and lack of any operational control over it.

### 5. Amendment of Pleadings

Plaintiff may need to amend the complaint should discovery indicate that an entity that is not a party to this litigation owned or controlled the *MOL Prosperity* at the time Plaintiff was injured. Plaintiff is unable to propose a specific date for the deadline for the amendment of pleadings at this time, but estimates that at least one round of discovery will be necessary to determine whether the proper parties have been named. As such, Plaintiff proposes a deadline in approximately June of 2020. Defendant does not anticipate amending any pleadings at this time

### 6. Evidence Preservation

The parties have reviewed the Court's ESI Guidelines and taken reasonable and appropriate steps to preserve evidence relevant to the issues reasonably evident in this action. The parties will meet and confer regarding any electronic discovery issues that may arise.

### 7. Disclosures

The parties have exchanged their respective Initial Disclosures.

### 8. Discovery

Other than the exchange of initial disclosures, no discovery has been completed to date. The parties do not expect to request any changes in the timing, form or requirement for disclosures under Rule 26(a). The parties anticipate exchanging written discovery including

COX, WOOTTON, LERNER, GRIFFIN, & HANSEN, LLP
900 FRONT STREET
SUITE 350
SAN FRANCISCO, CA 94105
TEL: 415-438-4600
FAX: 415-438-4601

JPIA.Carrasco /4914

interrogatories, requests for admission, document requests, depositions of percipient and other relevant witnesses relating to the accident and Plaintiff's damages, expert discovery and depositions, and subpoenas to third parties as necessary. Defendant may also request a defense medical examination.

The parties are amenable to considering a stipulated discovery plan and are currently unaware of any potential issues regarding claims of privilege or protection of trial preparation materials, changes to the limitations on discovery imposed by the Federal Rules, or need for additional orders under Rule 26(c) or Rule 16(b) or (c).

9. <u>Class Actions</u>

Not applicable.

10. <u>Related Cases</u>

Not applicable.

11. <u>Relief</u>

Plaintiff seeks an award of past and future loss of earnings and earning capacity, past and future medical expenses, and mental and physical pain and suffering, all in amounts that have yet to be calculated, and prejudgment interest on same.

12. <u>Settlement and ADR</u>

The parties are amenable to mediation.

13. <u>Consent to Magistrate Judge For All Purposes</u>

The parties have consented to a magistrate judge for all purposes.

14. <u>Other References</u>

Not applicable.

15. <u>Narrowing of Issues</u>

The parties are not yet aware of factual or legal issues which may be narrowed.

16. <u>Expedited Trial Procedure</u>

The parties are not yet able to comment on whether this matter is suitable for an expedited trial procedure.

///

COX, WOOTTON, LERNER, GRIFFIN, & HANSEN, LLP
900 FRONT STREET SUITE 350
SAN FRANCISCO, CA 94105
TEL: 415-438-4600
FAX: 415-438-4601

JPIA.Carrasco /4914

-4-   Case No.: 3:19-cv-05562
JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER

17. Scheduling

Plaintiff proposes a deadline to amend the pleadings for roughly June of 2020, as well as the following discovery deadlines:

>   Non-Expert Discovery Cutoff 90 days before trial
>   Expert Discovery Cutoff 45 days before trial
>   Hearing on Dispositive Motions 30 days before trial
>   Pretrial Conference 30 days before trial

Defendant agrees generally with the Plaintiff's proposed deadlines and propose the Court set a trial date in 12 months.

18. Trial

Plaintiff has demanded a jury trial and estimates a trial will take 4-7 days. Preliminarily, Defendant believes a trial will take 5 – 10 days.

19. Disclosure of Non-party Interested Entities or Persons

The parties are not currently aware of any non-party interested entities or persons, but note there is a lien asserted by Signal Mutual Indemnity Association in connection with Plaintiff's parallel workers' compensation claim under the Longshore and Harbor Workers' Compensation Act.

20. Professional Conduct

The parties' attorneys have reviewed the Guidelines for Professional Conduct for the Northern District of California.

/ / /

/ / /

/ / /

/ / /

COX, WOOTTON, LERNER, GRIFFIN, & HANSEN, LLP
900 FRONT STREET
SUITE 350
SAN FRANCISCO, CA 94105
TEL: 415-438-4600
FAX: 415-438-4601

JPIA.Carrasco /4914

-5-      Case No.: 3:19-cv-05562
JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER

21. <u>Other</u>

None at this time.

Dated: January 29, 2020                    WELTIN, STREB, & WELTIN, LLP
                                           Attorneys for Plaintiff
                                           GREGORY CARASSCO


                                           By: ___/Michael Villeggiante_____
                                               Philip R. Weltin
                                               Michael Villeggiante



Dated: January 30, 2020                    COX, WOOTTON, LERNER,
                                           GRIFFIN & HANSEN, LLP
                                           Attorneys for Defendant
                                           MOLAM Legacy, Inc.


                                           By: ___/s/ Max L. Kelley_____
                                               Terence S. Cox
                                               Max L. Kelley

COX, WOOTTON,
LERNER, GRIFFIN, &
HANSEN, LLP

900 FRONT STREET
SUITE 350
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

JPIA.Carrasco /4914

-6-                                          Case No.: 3:19-cv-05562
JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER

<u>CASE MANAGEMENT ORDER</u>

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:

_____
UNITED STATES DISTRICT/MAGISTRATE JUDGE

COX, WOOTTON, LERNER, GRIFFIN, & HANSEN, LLP

900 FRONT STREET
SUITE 350
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

JPIA.Carrasco /4914